GEORGES BOLLACK, Plaintiff, *v.* SOCIETE GENERALE POUR FAVORISER LE DEVELOPPEMENT DU COMMERCE ET DE L'INDUSTRIE EN FRANCE, Defendant.*

Supreme Court, Special Term, New York County, September 3, 1941.

*Ann Nollen,* for the plaintiff.

*Davis, Polk, Wardell, Gardiner & Reed,* for the defendant.

BERNSTEIN, J. This is a motion to strike out as insufficient two affirmative defenses. The action is one for conversion, in which the plaintiff seeks to recover from the defendant, a French corporation doing business in New York, the possession of securities heretofore delivered to it at New York city for the plaintiff's account and subject only to his order, or the sum of $52,320 as the value thereof, and the sum of $3,777 as damages for the detention. The first defense alleges that the plaintiff was a national and citizen of France and that, on October 29, 1940, the French government enacted a decree which deprived him of his French nationality and confiscated his assets, including the securities specified in the complaint and the accruals thereof. The second defense alleges that both the plaintiff and the defendant were nationals of France on June 17, 1940, within the meaning of Executive Order No. 8389 as amended, and that no license had been obtained from the Secretary of the Treasury of the United States for the transfer of the securities or their accruals, as required by said order as amended.

In assailing the first defense as insufficient in law the plaintiff contends that, though enacted by a government which is still recognized by us, the confiscation decree is contrary to our public policy and shocking to our sense of justice and equity, and our courts will refuse to give effect to such a decree. (*Russian Reinsurance Co.* v. *Stoddard,* 240 N. Y. 149, 163; *Vladikavkazsky R. Co.* v. *N. Y. Trust Co.,* 263 id. 369, 378; *Dougherty* v. *Equitable Life Assurance Society,* 266 id. 71, 90.) The question of the public policy of the State was clearly the question upon which the decisions in the cited cases turned. Since those decisions, however, the Supreme Court of the United States has adopted a different view

of the effect of such a confiscation decree. It has said that what another country has done in the way of taking over the property of its nationals is not a matter for judicial consideration here, and that such nationals must look to their own government for any redress to which they may be entitled. It has said that the policy declared in the Constitution against the taking of private property without just compensation had no extraterritorial operation, unless in respect of our own citizens, and that there was no public policy of New York which would impair the validity of a confiscatory decree of a recognized foreign government as applied to New York assets. (*United States* v. *Belmont*, 301 U. S. 324.) Following that decision our own Court of Appeals has reconsidered the subject, and held that such decrees of governments recognized by the United States are to be given effect with respect to property in New York, at least where the rights of our own citizens or of creditors are not involved. (*United States* v. *Manhattan Co.*, 276 N. Y. 396, 405, 406.) Upon the showing that the plaintiff was, at the date of the decree, a citizen of France, that case appears to be a controlling authority, and this court is constrained to hold the defense sufficient.

The second defense is also sufficient. The so-called "freezing order," promulgated by the President of the United States, prohibited all transfers of moneys or securities pursuant to the direction of a foreign country designated in the order (including France) or any national thereof, except as specifically licensed by the Secretary of the Treasury. While recognizing that there can be no transfer of the securities without a license, the plaintiff draws a distinction between a cause of action in replevin, where a recovery of the securities is sought, and a cause of action for conversion, which arises out of an injury to property, with consequent liability for damages and the return of the property or of its value. In the latter case, he points out, the license will be required only for the purpose of execution after judgment. That distinction, however, loses sight of the fact that a demand for the securities is a prerequisite to both forms of action, and that the defense here may be directed only to showing a valid excuse for failure to comply with the demand. In that view, it may be a defense to this action for conversion as it would be to an action in replevin. Whether or not the duty of procuring the license was that of the plaintiff or that of the defendant, and whether or not the condition of obtaining a license was waived in consequence of the defendant's failure to base its refusal to deliver the securities upon the absence of a license, are questions that must be left for determination upon a trial of the action.

Motion denied.